IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KNUTSON, | No. C 09-2402 CW (PR) |
| Plaintiff, | |
| v. | |
| FRANCISCO JACQUEZ, Warden, et al., | |
| Defendants. / | |
| RONALD KNUTSON, | No. C 09-2793 CW (PR) |
| Plaintiff, | ORDER CONSOLIDATING ACTIONS, DISMISSING AMENDED COMPLAINT IN CASE NO. 09-2402 CW (PR) WITH LEAVE TO AMEND, AND ADDRESSING PLAINTIFF'S PENDING MOTIONS |
| v. | |
| THE COUNTY OF SANTA CLARA, | |
| Defendant. / | |

Plaintiff Ronald Knutson, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), has filed the two pro se civil rights actions pursuant to 42 U.S.C. § 1983.

On May 29, 2009, Plaintiff filed his first civil rights action, Knutson v. Jacquez, et al., No. C 09-2402 CW (PR). In that action, Plaintiff has filed numerous motions, including a "Request to Amend Civil Rights Complaint" (docket no. 12); an "Emergency Request to Stay Related Cases" (docket no. 13); a "Request for Continuance" (docket no. 16); and a "Motion for Preliminary Injunction" (docket no. 17). He has also filed an "Amended Complaint" (docket no. 15). He has also filed another document entitled, "First Amended Complaint" (docket no. 18), which seems to

include additional claims; therefore, it is construed as a supplemental complaint. He has been granted leave to proceed <u>in forma pauperis</u> (IFP) in Case No. C 09-2402 CW (PR).

On June 24, 2009, Plaintiff filed his second civil rights action, <u>Knutson v. The County of State Clara</u>, No. C 09-2793 CW (PR), in which he refers to his first action.

In his motion entitled, "Emergency Request to Stay Related Cases," Plaintiff requests the "consolidation of matters in United State District Court for the Northern District of California. Case No. C 09-2793. Where the pleadings involve multiple plaintiffs and numerous causes of actions against multiple defendants." (Pl.'s "Emergency Request to Stay Related Cases" at 3.) Therefore, the Court will construe this motion as a motion to consolidate the two pending actions.

In the interests of justice, Plaintiff's request to consolidate these actions is GRANTED. The Clerk of the Court shall CONSOLIDATE these cases into the lower case number, Case No. C 09-2402 CW (PR).

Plaintiff's "Request to Amend Civil Rights Complaint" (docket no. 12) in Case No. C 09-2402 CW (PR) is also GRANTED. The Court notes that the defendants in this action have not been served at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. <u>See</u> Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's Amended Complaint (docket no. 15) and Supplemental Complaint (docket no. 18) filed in Case No. C 09-2402 CW (PR) shall together be considered as the operative complaint in this action. Case No. C 09-2793 CW (PR) shall be

administratively closed.  The Court now conducts an initial screening of the amended complaint pursuant to 28 U.S.C. § 1915A(a).

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

A threshold question which must be answered before Plaintiff can proceed with his action is whether he has exhausted available administrative remedies with respect to his claims.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

3

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v.

4

Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, Plaintiff conceded that he had not exhausted his administrative remedies at the time he filed his original complaint in Case No. C 09-2402 CW (PR). Plaintiff has since filed an amended complaint in that case. In Plaintiff's "Request for Continuance," in which most of his arguments are incomprehensible, he states that after he filed his amended complaint, "an inmate appeal was delivered to the Appeals Coordinator at Pelican Bay State Prison seeking recovery of personal property. This request seeks a continuance pending the exhaustion of remedies." (Pl.'s Request for Continuance at 3.)

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion

5

is completed by the time the complaint is actually filed). Because Plaintiff concedes that he has not exhausted some of his claims, the amended complaint should be dismissed without prejudice to refiling his exhausted claims in a new action. See McKinney, 311 F.3d at 1199-1201. However, as mentioned below, the Court is unable to ascertain what claims he seeks to bring in federal court; therefore, the Court cannot determine which of his claims are unexhausted. Accordingly, the Court DENIES his "Request for Continuance" (docket no. 16) without prejudice to refiling it after he has amended his complaint, as directed below.

Most of Plaintiff's filings are handwritten and difficult to decipher. Although Plaintiff used the Court's civil rights complaint forms when he filed his original complaints, he included numbered paragraphs containing claims that cover a variety of topics.

His Amended Complaint, which is handwritten, has not been submitted on the Court's civil rights complaint form. It is also incomprehensible. For example, he refers to the same Santa County Superior Court case in the original complaints in both his civil rights actions, stating: "At initial arraignment proceeding in Santa County Superior Court, Case No. CC446310, a spontaneous statement was made with respect to the separation of powers and apparently directed towards the recent decision [by] President George Bush to suspend the writ . . . ." (Am. Compl. at 5.) This is an example of the incomprehensible claims that Plaintiff

includes in his Amended Complaint.[1]  He also maintains that his detention "from 1992 through present day violates Plaintiff's rights under the Eighth Amendment . . . ."  (Id. at 6.)  However, Plaintiff does not support his claim with facts relating to the alleged Eighth Amendment violation.

In his Supplemental Complaint, Plaintiff used the Court's civil rights complaint form; however, he has attached five handwritten pages with numbered paragraphs containing additional claims that are also incomprehensible.  For example, he states: "Plaintiff, Ronald Knutson, an individual alleges disparate impact and unlawful employment practices on the part of the United States."  (Supp. Compl. at 3b.)  Plaintiff also claims that he has a pending action in the United States District Court for the Eastern District of California.[2]  (Id. at 2a.)  However, that civil rights action was dismissed on February 20, 2009 because he failed to file a timely second amended complaint.  See Knutson v. Lucky Store Inc., et al., No. S-07-0981 LKK EFB P (E.D. Cal. Feb. 20, 2009).  Similar to the present Amended Complaint, Plaintiff's

---

[1] Plaintiff also has a pending habeas corpus action, Knutson v. Jacquez, No. C 08-05694 CW (PR), containing a similar incomprehensible claim relating to his action in state court.  Under the section labeled, "Grounds for Relief," Plaintiff states that he "alleges progressive developments with access to the courts and actual injury associated with more than 'nominal value' allow for claim of actual innocence in Santa Clara Superior Court, Case No. CC446310."  (Pet. in Case No. C 08-05694 CW (PR) at 8c-8d.)  In an Order dated September 30, 2009 in his habeas action, the Court dismissed with leave to amend his Third Amended Petition order to give him the opportunity to file a simple, concise and direct petition which states clearly and succinctly each claim he seeks to bring in federal court and explains how each claim was exhausted in the state courts.  (Sept. 30, 2009 Order in Case No. C 08-05694 CW (PR) at 3.)

[2] In his "Emergency Request to Stay Related Cases," Plaintiff also refers to his Eastern District case.  (Pl.'s "Emergency Request to Stay Related Cases" at 1.)

7

original handwritten complaint in that Eastern District case was dismissed with leave to amend because it was "illegible," and his amended complaint was also dismissed because it "was mostly illegible and did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." (Feb. 20, 2009 Order in Case No. S-07-0981 LKK EFB P at 1.)

It is impossible to ascertain from Plaintiff's numerous filings -- in both Case Nos. 09-2402 CW (PR) and 09-2793 CW (PR) -- what claims he seeks to bring in federal court, much less how he exhausted his administrative remedies as to those claims. His numerous motions and other filings also confuse matters further by raising new arguments and claims.

"The Federal Rules require that averments 'be simple, concise, and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Prolix, confusing complaints such as the ones Plaintiff has filed in his two civil rights actions impose unfair burdens on litigants and the court and fail to perform the essential functions of a complaint. Cf. id. at 1179-80. Accordingly, Plaintiff's Amended Complaint is DISMISSED with leave to amend in order to give Plaintiff the opportunity to file a simple, concise and direct complaint which states clearly and succinctly each claim he seeks to bring in federal court and explains how he has exhausted his administrative remedies as to each claim.

Also before the Court is Plaintiff's "Motion for Preliminary Injunction." Again, Plaintiff's arguments are incomprehensible. The Court DENIES his motion without prejudice to refiling it after he has amended his complaint.

8

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's "Emergency Request to Stay Related Cases," which has been construed as a request to consolidate his two civil rights actions (docket no. 13 in Case No. C 09-2402 CW (PR)) is GRANTED. The Clerk of the Court shall CONSOLIDATE these cases into the lower case number, Case No. C 09-2402 CW (PR).

2. The Clerk shall administratively close Case No. C 09-2793 CW (PR). Plaintiff's application for leave to proceed IFP in C 09-2793 CW (PR) is terminated as moot because no filing fee is due as this action was opened in error.

3. Plaintiff's "Request to Amend Civil Rights Complaint" (docket no. 12 in Case No. C 09-2402 CW (PR)) is GRANTED. Plaintiff's "Amended Complaint" (docket no. 15) has already been filed. The Court construes his "First Amended Complaint" (docket no. 18) as his supplemental complaint; therefore, the Clerk is directed to rename it as his "Supplemental Complaint" and to mark it as filed on October 26, 2009, the date it was received by the Court.

4. Plaintiff's Amended Complaint in Case No. C 09-2402 CW (PR) is DISMISSED with leave to amend. The amended pleading must be on the Court's civil right complaint form and must include the caption and civil case number used in this Order -- No. C 09-2402 CW (PR) -- and the words SECOND AMENDED COMPLAINT on the first page. Failure to file a proper second amended complaint within <u>thirty (30) days</u> of this Order will result in the dismissal of this action.

9

    5.   Plaintiff's "Request for Continuance" (docket no. 16) and his "Motion for Preliminary Injunction" (docket no. 17) are DENIED without prejudice to refiling them, more clearly written, after he has amended his complaint.

    6.   This Order terminates Docket nos. 12, 13, 16 and 17 in Case No. C 09-2402 CW (PR).

    IT IS SO ORDERED.

Dated:   11/19/09



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\CW\CR.09\Knutson2402&2793.consolidate&DWLA.wpd 10

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

        Plaintiff,

v.

THE WARDEN et al,

        Defendant.

Case Number: CV09-02402 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Knutson C-04763
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

Dated: November 19, 2009

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.09\Knutson2402&2793.consolidate&DWLA.wpd 11